UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
YAAKOV LOEFFLER, individually and on          :
behalf of all others similarly situated,           :
                           Plaintiff,          :            **OPINION AND ORDER**
v.                                                                :
                                         :            23 CV 1098 (VB)
WONG FLEMING, P.C.,                                  :
                         Defendant.          :
--------------------------------------------------------------x

Briccetti, J.:

       Plaintiff Yaakov Loeffler brings this putative class action against a debt collector,

defendant Wong Fleming, P.C., asserting violations of the Fair Debt Collection Practices Act

("FDCPA"), 15 U.S.C. §§ 1692 et seq.

       Now pending is defendant's motion to dismiss the complaint pursuant to Rule 12(b)(6).

(Doc. #8).

       For the reasons set forth below, the motion is GRANTED.

       The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.[1]

## BACKGROUND

       For the purpose of ruling on the motion, the Court accepts as true all well-pleaded

allegations in the complaint and draws all reasonable inferences in plaintiff's favor, as

summarized below.

---

[1]     This case was removed from New York State Supreme Court, Rockland County, pursuant to 28 U.S.C. § 1441(a).

Plaintiff alleges sometime prior to April 20, 2020, plaintiff incurred a debt to KeyBank, N.A. ("KeyBank"), through his use of a KeyBank credit card.  On an unspecified date, defendant sent plaintiff an undated letter seeking to collect this debt (the "Letter").[2]

In relevant part, the Letter states:

As of April 20, 2020, you owe:  $9,971.23
Between April 20, 2020, and today:
    You were charged this amount in interest:  + $0.00
    You were charged this amount in fees:  + $0.00
    You paid or were credited with this amount toward the debt:  $0.00
    **Total amount of the debt now:  $9,971.23**

(Compl. at ECF 20).  The Letter also states plaintiff can dispute the debt by calling or writing to defendant by December 20, 2022, and provides defendant's mailing address, telephone number, and website.

According to plaintiff, "[l]etters that lack a date make them seem illegitimate."  (Compl. ¶ 34).  Plaintiff alleges that by omitting the date from the Letter, defendant withheld a material term which made it difficult to understand the nature of the debt.  Plaintiff asserts the Letter's use of the words "today" and "now" without reference to a date certain is confusing, and the omission of the date "was suspicious, misleading, and out of character for a legitimate debt collection."  (Id. ¶ 35).

Plaintiff alleges the undated Letter caused him to expend time and money to determine the proper response to the Letter and mitigate the risk of future harm from debt collection efforts.  Plaintiff asserts that because of defendant's misrepresentations, the funds he could have used to pay the alleged debt were spent elsewhere.

---

[2]     A copy of the Letter is attached to the complaint as Exhibit A.  (Doc. #1-1 ("Compl."), at ECF 20).  "ECF __" refers to page numbers automatically assigned by the Court's Electronic Case Filing system.

**DISCUSSION**

I.    <u>Standard of Review</u>

In deciding a Rule 12(b)(6) motion, the Court evaluates the sufficiency of the operative complaint under the "two-pronged approach" articulated by the Supreme Court in <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 679 (2009).[3]  First, plaintiffs' legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the assumption of truth and are thus not sufficient to withstand a motion to dismiss.  <u>Id.</u> at 678; <u>Hayden v. Paterson</u>, 594 F.3d 150, 161 (2d Cir. 2010).  Second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  <u>Ashcroft v. Iqbal</u>, 556 U.S. at 679.

To survive a Rule 12(b)(6) motion, the allegations in the complaint must meet a standard of "plausibility."  <u>Ashcroft v. Iqbal</u>, 556 U.S. at 678; <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 564 (2007).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  <u>Ashcroft v. Iqbal</u>, 556 U.S. at 678.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  <u>Id.</u> (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. at 556).

"In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint."  <u>DiFolco v. MSNBC Cable L.L.C.</u>, 622 F.3d 104, 111 (2d Cir. 2010).  "Where a document is

---

[3]    Unless otherwise indicated, case quotations omit all internal citations, quotations, footnotes, and alterations.

not incorporated by reference, the court may nevertheless consider it where the complaint relies heavily upon its terms and effect, thereby rendering the document integral to the complaint." Id.

II.    FDCPA Claims

    A.    Legal Standard

The purpose of the FDCPA is to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e).  The Second Circuit has "consistently interpreted the statute with these congressional objects in mind." Avila v. Riexinger & Assocs., LLC, 817 F.3d 72, 75 (2d Cir. 2016).

Claims of FDCPA violations are evaluated under "an objective standard, measured by how the 'least sophisticated consumer' would interpret the notice received from the debt collector." Russell v. Equifax A.R.S., 74 F.3d 30, 34 (2d Cir. 1996).  "[T]he test is how the least sophisticated consumer—one not having the astuteness of a 'Philadelphia lawyer' or even the sophistication of the average, everyday, common consumer—understands the notice he or she receives." Id.  Still, the least sophisticated consumer is "presumed to possess a rudimentary amount of information about the world and a willingness to read a collection notice with some care." Clomon v. Jackson, 988 F.2d 1314, 1319 (2d Cir. 1993).  "Under this standard, a collection notice may violate the FDCPA when it is sufficiently ambiguous to give rise to a reasonable, but inaccurate, interpretation." Kolbasyuk v. Cap. Mgmt. Servs., LP, 918 F.3d 236, 239 (2d Cir. 2019).

The least sophisticated consumer standard reflects the important balance between the need to protect consumers from deceptive and abusive collection practices and the need to

protect debt collectors from liability based on unreasonable interpretations of collection letters. Clomon v. Jackson, 988 F.2d at 1319–20.  "Accordingly, FDCPA protection does not extend to every bizarre or idiosyncratic interpretation of a collection notice and courts should apply the standard in a manner that protects debt collectors against liability for unreasonable misinterpretations of collection notices."  Easterling v. Collecto, Inc., 692 F.3d 229, 233–34 (2d Cir. 2012).  To assess the validity of an FDCPA claim, a court should review a debt collection letter in its entirety.  McStay v. I.C. Sys., Inc., 308 F.3d 188, 191 (2d Cir. 2002).

When "an FDCPA claim is based solely on the language of a letter to a consumer, the action may properly be disposed of at the pleadings stage."  De La Cruz v. Fin. Recovery Servs., Inc., 2019 WL 4727817, at *3 n.5 (S.D.N.Y. Mar. 28, 2019).

B.      Regulatory Safe Harbor Defense

Defendant principally argues all of plaintiff's claims should be dismissed because the Letter mirrors Consumer Financial Protection Bureau ("CFPB") Model Form B-1,[4] and that 12 C.F.R. § 1006.34 ("Regulation F") provides a safe harbor for debt collectors that utilize Model Form B-1.

The Court disagrees.

In pertinent part, Regulation F states debt collectors who use Model Form B-1 "retain a safe harbor for compliance with the information and form requirements of paragraphs (c) and (d)(1) of this section."  12 C.F.R. § 1006.34(d)(2)(iii).  Based on this plain language, the safe harbor provision applies only to alleged violations of Regulation F, not alleged violations of the

---

[4]      Defendant attached CFPB Model Form B-1 as Exhibit B to its motion to dismiss.  (Doc. #10-2).  The Court will take judicial notice of Form B-1 given it is publicly available as appendix B to Regulation F.  See Kramer v. Time Warner, Inc., 937 F.2d 767, 773 (2d Cir. 1991) (finding, in considering a motion to dismiss for failure to state a claim, a court may "consider matters of which judicial notice may be taken under Fed. R. Evid. 201").

FDCPA.  See Debt Collection Practices (Regulation F), 86 Fed. Reg. 5766, 5835 (Jan. 19, 2021)

("The safe harbor protects only the use of the model validation notice to comply with the

information and form requirements of § 1006.34(c) and (d)(1).").

Accordingly, the Court will proceed to analyze whether plaintiff plausibly alleges

violations of the FDCPA.

C.      Section 1692d Claim (Count I)

Defendant argues the Section 1692d claim must be dismissed because sending a singular

undated notice to plaintiff cannot support the allegation that the Letter harassed, oppressed, or

abused him.

The Court agrees.

Section 1692d of the FDCPA prohibits "any conduct the natural consequence of which is

to harass, oppress, or abuse any person in connection with the collection of a debt."  The section

provides a non-exhaustive list of conduct that would violate the statute, including the use or

threat of violence, the use of obscene language, and repeated or continuous telephone calls.

Here, plaintiff's only allegation of violative conduct is that defendant sent an undated

debt collection letter.  This allegation plainly fails to rise to the level of harassing, oppressive, or

abusive conduct as contemplated by the statute.  See Lane v. Fein, Such and Crane, LLP, 767 F.

Supp. 2d 382, 390 (E.D.N.Y. 2011) (dismissing claim when "none of the conduct alleged by the

plaintiffs is similar in seriousness to any of the[ ] examples" set forth in Section 1692d).

Accordingly, the Section 1692d claim must be dismissed.

D.      Section 1692e Claim (Count II)

Defendant argues the Section 1692e claim must be dismissed because plaintiff fails

plausibly to allege the Letter contained any false representation or deficiency under the FDCPA.

6

The Court agrees.

Section 1692e of the FDCPA prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt," and contains a non-exhaustive list of sixteen proscribed acts.  As relevant to this case, subsections (2)(A) and (10) prohibit, respectively, "[t]he false representation of the character, amount, or legal status of any debt," and "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt."

However, "not every technically false representation by a debt collector amounts to a violation of the FDCPA."  Cohen v. Rosicki, Rosicki & Assocs., 897 F.3d 75, 85 (2d Cir. 2018).  Instead, "as a natural corollary to the least sophisticated consumer test, only material errors violate Section 1692e."  Bryan v. Credit Control, LLC, 954 F.3d 576, 582 (2d Cir. 2020).  "The materiality inquiry focuses on whether the false statement would frustrate a consumer's ability to intelligently choose his or her response," for example, by misleading the consumer as to the debt's status or impeding the consumer's ability to respond to or dispute collection.  Cohen v. Rosicki, Rosicki & Assocs., 897 F.3d at 86.

With respect to the alleged violation of Section 1692e(2)(A), plaintiff fails to allege that any affirmative representation in the Letter is materially false.  Plaintiff offers only conclusory statements asserting the amount of debt is falsely represented, but this bare recitation of the legal standard is insufficient to state a claim for relief.  Notably, plaintiff fails to plead the debt he allegedly owes to KeyBank does not amount to $9,971.23 as provided in the Letter.  Plaintiff also fails plausibly to allege the false representation would impede a consumer's ability to respond to the Letter.

With respect to the alleged violation of Section 1692e(10), which prohibits the use of "deceptive means" in collecting a debt, plaintiff alleges the undated Letter was deceptive because he could not understand the Letter's use of "today" and "now."  But FDCPA protection does not extend to every idiosyncratic interpretation of the Letter.  Here, the Letter stated the dollar amount of debt owed as of "now," and gave plaintiff until December 20, 2022, to dispute the debt.  Therefore, the only reasonable interpretation of the Letter was that it was sent a relatively brief period prior to December 20, 2022, and the amount of plaintiff's debt has remained unchanged since April 20, 2020.

Accordingly, "[o]nly a consumer in search of an ambiguity, and not the least sophisticated consumer relevant here, would interpret" defendant's failure to date the Letter as a deceptive attempt to collect the stated amount of a debt.  Taylor v. Fin. Recovery Servs., Inc., 252 F. Supp. 3d 344, 352 (S.D.N.Y. 2017).  Instead, the least sophisticated consumer, who is willing to read the entire Letter with care, would still be able to respond to it given the ample contact information and directions provided.  See Bergida v. Plusfour, Inc., 2023 WL 7157829, at *5 (D. Nev. Oct. 31, 2023) (granting motion to dismiss the plaintiff's Section 1692e claim alleging an undated collection letter was deceptive because the plaintiff's alleged "subjective confusion about the letter's legitimacy does not necessarily mean the letter violates the FDCPA").

Accordingly, the Section 1692e claim must be dismissed.[5]

---

[5]    Plaintiff argues this Court should follow the reasoning of a recent out-of-circuit district court opinion addressing the same alleged FDCPA violations plaintiff claims here.  See Pl. Mem. 6–10 (citing Roger v. GC Servs. Ltd. P'ship, __ F. Supp. 3d __, 2023 WL 2124298 (S.D. Fla. Feb. 9, 2023)).  However, that decision is not binding on this Court, and the Court finds its application of the least sophisticated consumer standard to be unpersuasive.

E.      Section 1692f Claim (Count III)

Defendant argues the Section 1692f claim must be dismissed because plaintiff's interpretation that the undated Letter was an unfair or unconscionable debt collection means is bizarre and unreasonable under the least sophisticated consumer standard.

The Court agrees.

Section 1692f provides a "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt," and sets forth a non-exhaustive list of eight proscribed practices.  "Although the FDCPA leaves the term 'unfair or unconscionable means' undefined," the Second Circuit has "held that the term refers to practices that are shockingly unjust or unfair, or affronting the sense of justice, decency, or reasonableness."  Wagner v. Chiari & Ilecki, LLP, 973 F.3d 154, 167 (2d Cir. 2020).

Here, plaintiff alleges defendant omitted a material term from the Letter—namely, the Letter's date—"to disadvantage the Plaintiff from making an educated decision regarding the subject debt."  (Compl. ¶ 86).  This allegation does not resemble any of the violative conduct listed in the statute, such as "the collection of an invalid debt [or] taking or threatening to take non-judicial action to effect the dispossession of property without a legal right to do so."  Arias v. Gutman, Mintz, Baker & Sonnenfeldt LLP, 875 F.3d 128, 135 (2d Cir. 2017) (citing 15 U.S.C. § 1692f).  It is likewise distinct from circumstances when courts have determined a debt collector engaged in unconscionable or unfair debt collection practices violative of Section 1692f.  See, e.g., Arias v. Gutman, Mintz, Baker & Sonnenfeldt LLP, 875 F.3d at 138 (a debt collector violates Section 1692f when "it in bad faith unduly prolongs legal proceedings or requires a consumer to appear at an unnecessary hearing"); Gallego v. Northland Grp. Inc., 814 F.3d 123, 127 (2d Cir. 2016) (debt collection letter that omitted "a call-back name" was not deceptive

9

under Section 1692f, because, although it "withholds information that New York City law has required debt agencies to supply," it is "not necessary to enable a recipient to understand the rest of the information" in the debt collection letter).  Even assuming plaintiff was confused by the lack of date, and even drawing all reasonable inferences in plaintiff's favor, the act of sending one undated letter plainly does not constitute a shockingly unjust debt collection practice.

Moreover, because plaintiff's Section 1692f claim is based on the same alleged misconduct on which the Section 1692e claim is based—that is, the omission of the date—such misconduct is not "unfair" or "unconscionable" within the meaning of Section 1692f for the same reasons as stated above.  See De La Cruz v. Fin. Recovery Servs., Inc., 2019 WL 4727817, at *7 ("[I]f Defendant's collection letter is not 'misleading' within the meaning of Section 1692e, it is not 'unfair' or 'unconscionable' within the meaning of Section 1692f.").

Accordingly, the Section 1692f claim must be dismissed.

F.      Section 1692g Claim (Count IV)

Defendant argues the Section 1692g claim must be dismissed because there is no requirement under that section or Regulation F that the Letter include a mailing date, and plaintiff fails to allege any specific violation of the requirements listed in Section 1692g.

The Court agrees.

Section 1692g requires a debt collector to communicate certain information to a debtor when attempting to collect a debt, including the amount of the debt, the name of the creditor to whom the debt it owed, and a statement that the consumer has thirty days after receipt of the notice to dispute the validity of the debt.  See 15 U.S.C. § 1692g(a).

Not only must the debt collector communicate this required information, referred to as a "validation notice," to the debtor, it must also convey it clearly.  See Jacobson v. Healthcare Fin.

Servs., Inc., 516 F.3d 85, 90 (2d Cir. 2008).  A validation notice is legally insufficient "if that notice is overshadowed or contradicted by other language in communications to the debtor."  Id.; see also 15 U.S.C. § 1692g(b) ("Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.").

"A notice overshadows or contradicts the validation notice if it would make the least sophisticated consumer uncertain as to her rights."  Jacobson v. Healthcare Fin. Servs., Inc., 516 F.3d at 90.  Thus, a debt collector violates the FDCPA if its communication is "reasonably susceptible to an inaccurate reading" of the validation notice.  Russell v. Equifax A.R.S., 74 F.3d at 35.

Here, plaintiff alleges defendant violated Section 1692g(a) because the Letter fails to "provide the amount of debt, by pegging it to an unknown date."  (Compl. ¶ 91).  But the least sophisticated consumer reviewing the Letter would understand what the total amount of the debt was from the language in the Letter stating:  "Total amount of the debt now:  $9,971."  (Compl. ¶ 30).  This language satisfies the requirement to provide "the amount of debt" in Section 1692(a)(1).  Only an idiosyncratic reading of this phrase would cause confusion about the meaning of this statement.  See Koehn v. Delta Outsource Grp., 939 F.3d 863, 865 (7th Cir. 2019) ("A lawyer's ability to identify a question that a dunning letter does not expressly answer . . . does not show the letter is misleading, even if a speculative guess to answer the question might be wrong.").

Plaintiff also alleges defendant violated Section 1692g(b) because defendant engaged in collection activities during the thirty-day period that "overshadowed and/or was inconsistent with the disclosure of the consumer's right to dispute the debt."  (Compl. ¶ 93).  This allegation

is conclusory as plaintiff fails to plead any details regarding any communication received prior to (or after) the Letter, or how the other communication(s) were inconsistent with the Letter's disclosure of plaintiff's right to dispute the debt.  Therefore, this allegation also fails to plead a violation of Section 1692g.

Accordingly, the Section 1692g claim must be dismissed.

**CONCLUSION**

The motion is GRANTED.

The Clerk is instructed to terminate the motion (Doc. #8) and close this case.

Dated: November 20, 2023
       White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge